# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-3839

_____

|  |  |  |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff–Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Southern District of Iowa. |
| | * | |
| Ronald Lincoln Bachman, | * | [UNPUBLISHED] |
| | * | |
| Defendant–Appellant. | * | |

_____

Submitted: May 10, 2005
Filed: June 29, 2005

_____

Before WOLLMAN, BRIGHT, and BYE, Circuit Judges.

_____

PER CURIAM.

Ronald Lincoln Bachman appeals from the district court's[1] denial of his motion to suppress evidence seized as a result of what he alleges was an unconstitutional stop made without reasonable suspicion. We affirm.

On March 6, 2004, law enforcement made a controlled buy of methamphetamine from Bachman. The controlled buy was arranged following the arrest the previous night of David Baber for possession of methamphetamine. During

_____

[1]The Honorable Harold D. Vietor, United States District Judge for the Southern District of Iowa.

a post-arrest interview, Baber informed law enforcement he had regularly purchased methamphetamine from Bachman. He related the manner in which purchases would normally be carried out and agreed to cooperate with law enforcement in staging a controlled buy.

After Baber had related the usual means in which the sales had been carried out, he made phone calls to Bachman to arrange a sale. Prior to the actual controlled buy, Baber was searched, wired and provided with preserialized funds. Law enforcement officers drove Baber to his residence and took up positions to await the arranged delivery.

The controlled buy went down in its usual fashion. Bachman arrived at the residence and Baber entered his vehicle. One important difference at this buy was law enforcement could overhear the conversation between Baber and Bachman via Baber's microphone. At the suppression hearing, a law enforcement officer testified he heard sounds he interpreted as the rustling of money. The law enforcement officer also heard voices saying, "Here's the stuff I got yesterday" and "Here's the money for the stuff today," and after a brief pause, "Here you go. It's in there."

As Bachman drove away, law enforcement stopped his vehicle, searched it, and found methamphetamine together with the preserialized funds provided to Baber to actuate the controlled buy. A subsequent search of Bachman's residence uncovered additional amounts of the drug, indicia of its manufacture, as well as a handgun and ammunition.

A federal grand jury indicted Bachman on seven counts ranging from conspiracy to distribute methamphetamine to being a felon in possession of a firearm. After the district court denied the suppression motion which is the subject of the present appeal, Bachman proceeded to trial where a jury found him guilty on all seven counts. The district court subsequently sentenced him to life imprisonment. On

appeal, Bachman contends the district court erred when it found law enforcement had reasonable suspicion to stop his vehicle following the controlled buy.

As a general rule, law enforcement officers may make a warrantless stop of a motor vehicle for investigative purposes "when the officers are aware of particularized and articulable objective facts which, taken together with rational inferences from those facts, reasonably warrant the suspicion that the person stopped is, or is about to be, engaged in criminal activity." United States v. Williams, 714 F.2d 777, 779 (8th Cir. 1983) (en banc). "Whether the particular facts known to the officer amount to an objective and particularized basis for a reasonable suspicion of criminal activity is determined in light of the totality of the circumstances." United States v. Garcia, 23 F.3d 1331, 1334 (8th Cir. 1994).

As for the present case, if reasonable and articulable suspicion existed in any case, this would be it. Law enforcement received a tip from a known informant, who provided great detail as to how Bachman's drug transactions typically went down. See United States v. Spotts, 275 F.3d 714, 720 (8th Cir. 2002) ("A tip from a known informant can suffice by itself to establish reasonable suspicion."). After wiring the informant, law enforcement listened as the drug deal between Bachman and the informant went down, in a manner similar to how the informant said it would go. The officer testified he heard the rustling of money and a conversation consistent with a drug transaction. Accordingly, we believe law enforcement had a "particularized and objective" basis for suspecting criminal activity, and thus affirm the judgment of the district court.

_____